UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **MIKE KAHL, ET AL** § | | CIVIL ACTION NO._____ |
| *Plaintiffs* § | | |
| vs. § | | JURY DEMANDED |
| § | | |
| **THE GLOBAL EDGE CONSULTANTS,** § | | |
| **LLC** § | | |
| *Defendant* § | | |

# PLAINTIFFS' ORIGINAL COMPLAINT

### I.  SUMMARY

1. Sean Bates, Charles Gary Jones and Mike Kahl ("Plaintiffs") brings this action against The Global Edge Consultants, LLC ("Defendant") for failing to pay overtime wages as required by the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201, *et seq.*

### II.  THE PARTIES, JURISDICTION AND VENUE

2. Plaintiffs are current and former employees of Defendant who reside in Brazoria County, Texas, and the Southern District of Texas.

3. Defendant has an office and does business in the Southern District of Texas, Galveston Division. Defendant can be served through its Chief Executive Officer, Kathy Eberwein, 2829 Technology Forest Blvd, Suite #280, The Woodlands, Texas 77381.

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) or (c) and because Defendant does business in Brazoria County, Texas which is in the Southern District of Texas- Galveston Division.

### III.   THE FACTS

6.  Defendant is a self-styled "full-service firm specializing in the recruitment of technical and project personnel for industries such as Government, Oil and Gas, Petrochemical, Chemical, Engineering, Power, Nuclear and Manufacturing." Its employees handle a wide variety of goods and/or services that have moved in interstate commerce.

7.  Defendant is located and does business in numerous states, including Texas. Its annual gross revenues exceed $500,000.00.

8.  Plaintiffs are or were employed by Defendant as Safety Representatives/Specialists within 3 years from the date of the filing of this Complaint.

9.  Plaintiffs are paid on an hourly basis and no part of Plaintiffs' compensation is paid on a salary basis of at least $455.00 per week.

10. Plaintiffs regularly work in excess of forty (40) hours per week generally working approximately fifty (50) to sixty (60) hours per week or more.

11. During their employment with Defendant, Plaintiffs worked numerous extensive hours and performed their employment duties for which they were not paid the appropriate and legally required overtime wages under the FLSA. Said duties were for the benefit of the Defendant and Plaintiffs were required to perform these duties.

12. Defendant did not pay Plaintiffs overtime wages for the hours they worked in excess of forty (40) in a workweek although it was legally required to do so under the FLSA.

13. Rather, Defendant embarked upon a willful and illegal campaign, scheme and policy to pay Plaintiffs their straight-time hourly rate for all hours worked in excess of forty (40) in a workweek instead of the legally required overtime rate under federal law.

14. In this connection, payment of straight time wages to hourly workers for overtime hours

worked (as is the case here) constitutes a willful violation of the FLSA as a matter of law. *See Reich v. Waldbaum, Inc.*, 52 F.3d 35, 41 (2nd Cir. 1995); *Brown v. L & P Industries, LLC*, 2005 WL 3503637 at *10-11 (E.D.Ark. 2005); *Hardrick v. Airway Freight Sys., Inc.*, 63 F.Supp.2d 898, 904 (N.D.Ill. 1999)("[U]nder the FLSA, if a covered hourly employee (such as Plaintiff(s)) works more than forty hours in a given workweek, such employee(s), *per se*, must be paid a rate not less than one and one-half times his regular rate of pay.")(citation omitted).

15. Defendant's illegal scheme and policy affects Plaintiffs and scores of similarly situated current and former employees of Defendant.

16. Plaintiffs are not legally exempt from receiving overtime wages under the FLSA or any United States Department of Labor regulation and no overtime exemption is applicable in this lawsuit.

### IV.  CAUSE OF ACTION

17. Plaintiffs incorporate the preceding paragraphs by reference. Defendant did not pay Plaintiffs the legally required overtime wages for all hours worked in excess of forty (40) in a workweek. In this regard, Defendant acted willfully or with reckless disregard as to whether its pay practices, scheme or policy complied with the FLSA.

18. The FLSA requires an employer to pay its employees at no less than one-and-one-half times their regular rates for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207. The Defendant has failed to do so.

19. Defendant's willful failure to pay Plaintiffs overtime wages for the weeks in which they worked in excess of forty (40) hours violated the FLSA.

20. Defendant is liable to Plaintiffs for unpaid overtime wages.

21. Defendant is liable to Plaintiffs for an equal amount of their unpaid overtime wages as

liquidated damages.

22. Plaintiffs are also entitled to recover all reasonable attorney's fees and costs incurred in this action. 29 U.S.C. § 216(b).

## V.   JURY DEMAND

23. Plaintiffs demand a trial by jury.

## VI.   PRAYER

Plaintiffs respectfully requests judgments in their favor awarding:

24. Unpaid overtime wages for each hour worked in excess of forty (40) in a workweek;

25. An equal amount as liquidated damages;

26. Reasonable attorney's fees, costs and litigation expenses;

27. Post judgment interest at the highest rate allowed by law; and

28. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By: /s/ Clark Woodson III
CLARK WOODSON III
601 East Myrtle
Angleton, Texas  77515
(979) 849-6080
(832) 202-2809
clark@woodsonlaborlaw.com
State Bar No. 00794880
S.D. Tex. No. 21481
**Attorney for Plaintiffs**