IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MIKE KAHL, ET AL, §<br>*Plaintiffs* § <br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 3:16-CV-347<br>§ JURY DEMANDED<br>THE GLOBAL EDGE CONSULTANTS, §<br>LLC §<br>*Defendant* § | |

## DEFENDANTS' FIRST AMENDED ANSWER

Defendants The Global Edge Consultants, LLC ("Global Edge") and Katherine Eberwein ("Eberwein") file their First Amended Answer to Plaintiffs Mike Kahl's, Sean Bates', Charles Gary Jones', Mario Perez' and Daniel Phillips' (collectively "Plaintiffs") Second Amended Complaint (the "Complaint").

### Summary

1. There are no factual allegations in (the first labeled) Paragraph 1 of the Complaint (the "Summary" to be admitted or denied.

### The Parties, Jurisdiction and Venue

2. Defendant Global Edge admits that the Plaintiffs are current or former employees but is without knowledge to admit or deny the remaining allegations in (the first labeled) Paragraph 2 of the Complaint.

3. Defendants admit the factual allegations in Paragraph 1 of the Complaint.

4. Defendant Eberwein admits that she is an officer and managing director of Defendant Global Edge and that service may be accomplished at the address indicated but denies all other allegations in Paragraph 2 of the Complaint.

5. Defendants agree that this Court has jurisdiction over this matter.

6. Defendants agree that venue is proper in the United States District Court, Southern District of Texas, Galveston Division.

## The Facts[1]

5. Defendants admit the factual allegations in Paragraph 5 of the Complaint.

6. Defendants admit the factual allegations in Paragraph 6 of the Complaint.

7. Defendants admit that the Plaintiffs worked for Global Edge at various start dates during the three year period prior to the initiation of this Complaint but deny that their job titles were all Safety Representatives/Specialists.

8. Defendants admit the factual allegations in Paragraph 8 of the Complaint as they relate to allegations taking place prior to January 1, 2017, but deny the allegations as to events from January 1, 2017 forward.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants admit that the Plaintiff performed services for Global Edge as employees but deny the remaining allegations in Paragraph 10 of the Complaint.

11. Global Edge paid Plaintiffs wages for all hours worked but admits it did not pay Plaintiffs an overtime premium through December 31, 2016.[2]

12. Defendants admit that Global Edge paid Plaintiffs a straight time hourly wage for all

---

[1] Plaintiff incorrectly numbered the initial paragraphs of the Second Amended Complaint, so for consistency Defendants begin this section at number 5 to match the Second Amended Complaint.

[2] Defendants file this Amended Answer, in part, to correct typographical errors. Paragraph 11 of The Original Answer included a partial admission by Defendant Global Edge that it did not pay Plaintiffs an overtime premium "though December 31, 2017".

hours worked through December 31, 2016[3], but deny all other allegations in Paragraph 12 of the Complaint.

13.     There are no factual allegations in Paragraph 13 of the Complaint that require admission or denial.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants admit that for a period of time the Plaintiffs were paid hourly wages and not exempt under the FLSA but deny the allegations in Paragraph 15 of the Complaint with respect to the time period January 1, 2017 forward.

## Causes of Action

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     There are no factual allegations in Paragraph 17 of the Complaint that require admission or denial.

18.     There are no factual allegations in Paragraph 18 of the Complaint that require admission or denial.

19.     There are no factual allegations in Paragraph 19 of the Complaint that require admission or denial.

20.     There are no factual allegations in Paragraph 20 of the Complaint that require admission or denial.

21.     There are no factual allegations in Paragraph 21 of the Complaint that require admission or denial.

22.     There are no factual allegations in the remainder of the Complaint, and Defendants deny Plaintiffs request for relief.

---

[3] Defendants file this Amended Answer, in part, to correct typographical errors. Paragraph 12 of The Original Answer included a partial admission by Defendant Global Edge that it paid Plaintiffs a straight time hourly wage "through December 31, 2017".

Affirmative Defenses

23. Defendants, at all times, acted in good faith and with the reasonable belief that their actions or omissions were not in violation of the Fair Labor Standards Act or other applicable law. Defendants acted without malice and deny any alleged willful violation of the FLSA. Plaintiffs are not entitled to liquidated damages.

Conclusion

WHEREFORE, Defendants respectfully request that Plaintiffs be required to fully prove each and every allegation contained in their Complaint through competent evidence; and, after trial of this cause, and that Plaintiffs take nothing from this action upon final trial hereof.

Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: /s/ Mark J. Levine
Mark J. Levine
Texas Bar No. 00791102
Federal ID No. 20021
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341
mlevine@wkpz.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT THE GLOBAL EDGE CONSULTANTS, LLC**

**Of Counsel for Defendants**
Amanda L. Gutierrez
State Bar No. 24074335
Federal Bar No. 1402505
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046-1104
Telephone: (713) 961-9045
Facsimile: (713) 961-5341
agutierrez@wkpz.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served on Attorney in Charge for Plaintiffs, Clark Woodson, III, by the Clerk of the Court via CM/ECF system:

Clark Woodson III
601 East Myrtle
Angleton, Texas  77515
(979) 849-6080
(832) 202-2809
clark@woodsonlaborlaw.com
State Bar No.  00794880
S.D. Tex. No. 21481

                                        /s/ Mark J. Levine
                                        Mark J. Levine